MATTER OF ULANDAY

In Exclusion Proceedings

A-30743097

*Decided by Board July 28, 1971*

Appellant, who was admitted to the practice of law in the Philippines, **who** followed her profession in that country for a substantial period of **time** prior to coming to the United States and who intends to engage in **her** profession in this country when she qualifies, is admissible upon presentation of an immigrant visa supported by a labor certification for employment as a legal aide, notwithstanding she intends to work as a general office clerk to maintain herself until she meets the licensing and other local requirements for the practice of her profession in the United States. [*Matter of Ortega*, Interim Decision No. 2055, distinguished.]

EXCLUDABLE: Act of 1952—Section 212(a) (14) [8 U.S.C. 1182(a) (14)]—Immigrant, no valid labor certification.

ON BEHALF OF APPELLANT:      Mileston T. Simmons, Esquire
Phelan, Simmons & Ungar
517 Washington Street
San Francisco, California 94111
(Brief filed)

The 33-year-old single female appellant, a native and citizen of the Republic of the Philippines, applied for admission as a permanent resident on March 7, 1971. She presented an immigrant visa supported by a certification from the Secretary of Labor showing that she was destined to the United States for employment as a legal aide. However, she told the examining immigration officer who conducted her deferred inspection that she proposed to seek work as a general office clerk for the Southern Pacific Railway. Accordingly, her case was referred to a special inquiry officer for an exclusion hearing. On May 10, 1971, said official ordered her excluded and deported from the United States on the above-stated ground, finding that she intended to be employed as a general office clerk rather than in the legal profession. The appeal from said official's decision, which brings the case before this Board for consideration will be sustained.

729

The appellant was graduated from Orient College, School of Law, Dagupan City, Pangasinan, Philippines, with a Bachelor of Law degree, in March of 1959. She took the Philippine bar examination in August of 1962 and was admitted to the practice of law there in January of 1963. From July of 1963 until June 30, 1968, she worked in various capacities for the Elections Commission of the Philippine Government and the record indicates that a legal background was a requirement of the positions she held. Thereafter, until her departure for the United States she was employed in personnel work at the Luna General Hospital, Kamias, Quezon City, Philippines, in the office of the Adjutant General.

The appellant testified that she knew before she came to the United States there would be some time before she would qualify to practice law, but planned to work in the interim as an office employee of the Southern Pacific Railway Company, and that the American consul who issued her her third preference quota immigrant visa was aware of these facts and, in fact, told her she could not practice law in this country until she qualified. The record reflects that immediately after her arrival in this country, the appellant made inquiry at the California State Bar Office and was advised that she was eligible to apply for the out-of-state attorneys' examination, and that the deadline to apply for the next examination was October of 1971, which she intended to meet. The record also indicates that she purchased sample questionnaires so that she could prepare for the examination, and during the hearing she exhibited a copy of the rules regarding admission to the California State Bar which was given to her when she made the inquiry.

On the basis of the foregoing facts, we cannot concur in the special inquiry officer's conclusion that this case is controlled by the precedent decision of this Board rendered on August 19, 1970, in *Matter of Ortega,* Interim Decision No. 2055. Therein, the alien had a Bachelor of Science degree in Animal Husbandry and had obtained a third preference immigrant visa and a labor certification as an animal scientist. He had first stated that he was coming to the United States to be a real estate salesman, but when he learned that he might not be admissible because he did not have a proper labor certification, he attempted to find work in the field of animal husbandry. He was unsuccessful and accepted other work for which he had no labor certification.

We affirmed the excluding decision of the special inquiry officer in the *Ortega* case, after pointing out that the alien therein had only followed his profession briefly in the remote past, that upon

arrival he stated he intended to follow a type of employment in which practically all his experience had been obtained in the Philippines, and that despite having been in this country over a year at the time of our decision he had not shown reasonable prospects of engaging in his profession in the foreseeable future, or satisfactorily explained why he had not done so. We find that the facts of this case are clearly distinguishable from those of the *Ortega* case.

The crucial question here, as in all cases arising under section 212(a)(14) of the Immigration and Nationality Act, is whether the alien intends to take up the employment for which he was certified. There are, however, considerations peculiar to cases of this type involving professional persons issued third preference quota immigrant visas on the basis of appropriate labor certifications which differentiate them from cases arising under the statute which involve nonprofessional persons.

Thus, the Immigration and Nationality Act, as amended, does not specify that a member of the professions must be coming to this country to engage immediately in the practice of his profession. No prospective employer is required, and no specific job offer is necessary. In many instances, and frequently because of factors over which the alien has no control, such as licensing and other local restrictions, the alien may be forced to accept any available employment for a period of time after arrival before entering into professional practice. The legislative history of section 203(a)(3) of the Immigration and Nationality Act (8 U.S.C. 1153) shows that the addition of professional immigrants to this country was intended to be a boon to the American culture and work force, since they would be "free to climb."

However, the phrase "for the purpose of performing," in section 212(a)(14), clearly indicates that an alien within its purview must establish a bona fide intent to engage in his profession, at least in the foreseeable future. The section's legislative history does not indicate it was the wish of the Congress to award a preference to an alien who, although fully qualified as a member of the professions, has no intention of engaging in his specialized field of endeavor, or reasonable prospects of doing so. In resolving the question of intent, consideration may properly be given to factors such as whether the alien is presently employed in his profession and, if not, the length of time he has not been so employed and the reasons therefor.

We find that application of the foregoing rationale to the facts of this case calls for reversal of the special inquiry officer's deci-

sion to exclude the appellant. She followed her profession in the Philippines for a substantial period of time prior to coming to the United States. Her statement that she intended to take non-professional employment in the United States was clearly for the purpose of supporting and maintaining herself until she could meet the local requirements for the practice of her profession. Contrary to the *Ortega* case, *supra*, we think the facts establish that she intends to do so as soon as she can meet the licensing and other local restrictions. In our opinion, speculation as to the possibility that she may not be able to do so for five years, until she becomes a citizen of this country, or that she may fail the bar examination cannot serve as proper support for an order of exclusion here. In short, we are satisfied from the record before us that the appellant has a bona fide intention of engaging in her specialized field of endeavor and reasonable prospects of doing so, within the framework of the statute under consideration.

**ORDER:** It is ordered that the appeal be sustained and the alien admitted for permanent residence.